David P. King (SBN 136765)
KING, CHENG & MILLER LLP
117 E. Colorado Blvd., Suite 260
Pasadena, CA 91105
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

NOTE CHANGES MADE BY THE COURT.

Attorneys for Defendants
ALL-POWER AMERICA, LLC,
UNIVERSAL PRODUCT CONCEPTS, INC.
And RON SANTOYO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW BUFFALO CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ALL-POWER AMERICA, LLC;<br>UNIVERSAL PRODUCT CONCEPTS,<br>INC.; and RON SANTOYO,<br><br>Defendants. | CASE NO. CV10-00988-SVW (PLAx)<br><br>[PROPOSED] ORDER PURSUANT TO STIPULATION REGARDING CONFIDENTIAL INFORMATION |

**GOOD CAUSE STATEMENT**: The parties have stipulated, and the Court finds, that good cause exists for the entry of a Protective Order regarding Confidential Information for each of the following reasons:

1. The parties are direct competitors in the market for portable electricity generators;

2. During the course of this litigation the parties may provide informally for purposes of settlement discussions or otherwise, or produce during discovery, information regarding proprietary business methods and procedures, confidential income, profit or pricing information, confidential information regarding customers or sources of supply, confidential marketing plans and strategies, and other information that the parties may contend contains or constitutes trade secrets or material non-public, competitively sensitive, proprietary or confidential information ("Confidential Information," as hereafter defined);

3. Disclosure of the Confidential Information to any competitor, whether an opposing party or third party, without the protections of a Stipulation and Protective Order would create a substantial risk of serious and irreparable competitive harm to the parties; and

4. Maintaining the confidentiality of Confidential Information for purposes of this litigation without unnecessary dissemination would serve the public interest, by allowing for resolution of the present dispute without at the same time creating substantial risk of serious and irreparable competitive harm to one or more of the parties.

WHEREAS the parties have stipulated and agreed to the entry of the following Protective Order, and GOOD CAUSE appearing therefor, IT IS HEREBY ORDERED that:

1. The terms used herein are defined as follows:

   (a) "Confidential Information" shall mean and include material, a document, thing or information that has not been made public and that constitutes, concerns or relates to trade secrets; commercial information; competitively sensitive

processes, operations, or software; the identification of customers or sources of supply or confidential information concerning customers or sources of supply; the amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization; or personal information falling within rights of privacy recognized by statute or case law, the disclosure of which may cause harm to the competitive position or recognized personal privacy interests of the person, firm, partnership, corporation, or to the organization from which the information was obtained. Confidential Information may be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY, as hereafter provided.

(b) "Litigation" shall mean the above-captioned lawsuit, including any mediation conducted in connection with the Litigation.

2. As provided in this Order, the Confidential Information shall be used by the receiving party or parties only for purposes of this Litigation, including any and all settlement discussions or conferences, and appeals, and not for any other purpose whatsoever.

3. This Order shall apply only to pre-trial disclosures and pre-trial filings. The parties shall separately apply, and make a showing of good cause, to the trial judge, no later than 30 days prior to trial, for an Order protecting Confidential Information during trial.

4. This Order shall apply to documents and information provided informally by one party to another, or "Discovery Materials," *i.e.*, documents or information produced by a party or witness, responses to written discovery, including interrogatories, requests for admission and subpoenas, and deposition testimony and exhibits thereto.

5. This Order does not apply to any information or materials:

(a) That the receiving party lawfully possessed in a writing prior to production of it during the Litigation; or

(b) That is generally known to the public or generally available to the public.

6. A party ("Designating Party") may designate informally-provided documents or information, and Discovery Materials, including Discovery Materials produced by third-party witnesses, as "Confidential Information" by:

(a) Stamping or inscribing on each page of the pertinent Discovery Materials the words CONFIDENTIAL, or CONFIDENTIAL-ATTORNEYS ONLY.

(b) So designating portions of a deposition or deposition exhibits either during the deposition or by written notice to the court reporter and all counsel of record within twenty (20) days after the reporter sends the transcript or written notice that the transcript is available for review. The court reporter shall be instructed to separately bind the Confidential Information portion and to mark the caption page of such portion CONFIDENTIAL, or CONFIDENTIAL-ATTORNEYS ONLY. Until the twenty (20) day period expires, or until a party makes its designations, all deposition transcripts shall be afforded the highest level of protection and treated as CONFIDENTIAL – ATTORNEYS ONLY.

(c) Notifying all counsel in this case in writing of designation of any third-party Discovery Materials as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY within twenty (20) days from the date the Designating Party has notice that the Discovery Materials have been produced. Until the twenty (20) day period expires, or until a party makes its designations, all third-party Discovery Material shall be afforded the highest level of protection and treated as CONFIDENTIAL – ATTORNEYS ONLY.

7. Confidential Information designated CONFIDENTIAL may only be disclosed to:

(a) The parties to this case, including representatives and employees of parties to this case;

(b) Counsel to the parties in the instant matter (both in-house counsel and outside counsel), including clerical, secretarial, and paralegal staff employed by such counsel;

(b) The Court, Court clerks, deposition and trial reporters in the Litigation, paraprofessional and secretarial employees of such Court, and any mediator or settlement officer in the Litigation;

(c) Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition or mediation and who are not employees, officers, directors or partners of any party provided that said consultant or expert shall, in advance of receiving any such Confidential Information, agree to the provisions of this Protective Order and execute the Certificate Regarding Confidentiality that is attached hereto as Exhibit "A";

(d) Third-party witnesses during the course of their depositions, provided that (1) counsel for the designating party shall be informed that the witness will be shown Confidential Information before the designated information is shown to the witness to give counsel for the designating party an opportunity to object, and (2) if an objection to showing the witness the Confidential Information is made, the parties will undertake good faith efforts to resolve the objection during the course of the deposition prior to bringing the matter before the Court. Designated information shall not be shown to the witness until the Court rules on the objection.

(e) Any person who authored or previously received the Confidential Information, or who has knowledge of the specific facts identified in such materials;

(f) Commercial photocopying services ordinarily used by counsel for the purpose of photocopying; and

(g) Any other person to whom the Designating Party agrees to in writing.

8. Confidential Information designated CONFIDENTIAL-ATTORNEYS ONLY shall be limited to documents, things or information that the Designating Party in good faith believes comprise or reflect the most sensitive trade secrets (as defined in California Civil Code § 3426.1(d)), confidential and proprietary research, development, technical, business or commercial information. Confidential Information designated

1  CONFIDENTIAL-ATTORNEYS ONLY may only be disclosed to:
2      (a) Outside counsel to the parties in the instant matter, including clerical,
3  secretarial, and paralegal staff employed by such counsel;
4      (b) The Court, Court clerks, deposition and trial reporters in the
5  Litigation, paraprofessional and secretarial employees of such Court and any mediator or
6  settlement officer in the above-captioned case;
7      (c) Independent consultants or experts retained by any party in this case
8  who are expected to testify at trial or employed by counsel in order to assist in
9  preparation for trial or for deposition or mediation and who are not employees, officers,
10 directors or partners of any party provided that said consultant or expert shall, in advance
11 of receiving any such Confidential Information, agree to the provisions of this Protective
12 Order and execute the Certificate Regarding Confidentiality that is attached hereto as
13 Exhibit "A";
14     (d) Any person who authored or previously received the Confidential
15 Information;
16     (e) Third-party witnesses during the course of their depositions, provided
17 that (1) counsel for the designating party shall be informed that the witness will be shown
18 Confidential Information before the designated information is shown to the witness to
19 give counsel for the designating party an opportunity to object, and (2) if an objection to
20 showing the witness the Confidential Information is made, the parties will undertake
21 good faith efforts to resolve the objection during the course of the deposition prior to
22 bringing the matter before the Court. Designated information shall not be shown to the
23 witness until the Court rules on the objection.
24     (f) Commercial photocopying services ordinarily used by counsel for the
25 purpose of photocopying;
26     (g) Any other person to whom the Designating Party agrees to in writing.
27     9. No person or entity to whom information or materials designated
28 CONFIDENTIAL, or CONFIDENTIAL-ATTORNEYS ONLY is disclosed shall discuss

the information or disclose it to any person or entity other than those to whom it may be disclosed to pursuant to the paragraphs listed above, or for any purpose other than prosecution or defense of claims between the parties.

10. Nothing herein affects the Designating Party's use of information it has designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY. However, except in the case of inadvertent disclosures, the Designating Party's use, during the Litigation, of such information in a non-confidential manner shall create a presumption that the information is not in fact entitled to confidential treatment under this Order.

11. All information and materials supplied by any party or witness that is not designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY pursuant to the terms of this Order may be used by any party without restriction.

12. If a receiving party believes that information has been improperly designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY, it shall promptly give written notice to the Designating Party. The parties shall thereafter meet and confer as provided in Local Rule 37-1 for the purposes of resolving the matter if possible. If the parties are unable to resolve the matter, the parties shall submit the dispute to the Court as provided in Local Rule 37-2 through 37-4. Upon a showing of good cause, either in a stipulation of the parties or in an *ex parte* application of the Designating Party, the Joint Stipulation required by Local Rule 37-2.2 shall be filed under seal pending the Court's determination of the appropriateness of the confidentiality designation. In the event a party challenges the designations made pursuant to the Order entered pursuant to this Stipulation by another party, the Designating Party shall bear the burden of proving to the Court that the designation was appropriate under California law. Until the appropriateness of a disputed CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY designation is resolved by agreement or by the Court as provided in this paragraph, the receiving party shall treat the designated information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY under the terms of this Order.

Case 2:10-cv-00988-GVW-PLA Document 24-1 Filed 05/17/10 Page 8 of 11

13. If Confidential Information is included in any papers to be filed with the Court, such papers shall be accompanied by an application to file the papers – or the confidential portion thereof – under seal, as provided in Local Rule 79-5.1. The application must show good cause for the under-seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the Court's ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. The copy of the cover title page that is attached to the front of each sealed envelope shall include a statement substantially in the following form: "This envelope contains documents and/or information lodged pursuant to a Stipulation and Protective Order re Confidentiality. This envelope is not to be opened except by the Court."

14. This Order shall remain in effect after the conclusion of the Litigation and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

15. Within 60 days after final termination of this case either by consensual dismissal with prejudice, after final appellate review has been obtained, or after the time for appeal has lapsed without the filing of an appeal by either of the parties, all materials and copies containing information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY shall be returned to the party producing such information, together with any and all summaries, abstracts, notations and compilations containing any Confidential Information. In the alternative, within 60 days after final termination of this case, such materials and copies may be shredded or disposed of in a manner to assure the destruction thereof and declaration certifying such destruction or disposal shall be provided to the party producing such information. Notwithstanding the above, one copy of the files in this case may be retained by counsel of record for each party, subject to the terms of this Order.

16. In any action or proceeding arising from this Order, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, without limiting any

1 | other relief that may be available.

2 |     17.    The parties' Stipulation Regarding Confidentiality may be executed in counterparts.

    18.    This Order may be modified or amended by further Order of the Court (a) for good cause shown by motion of any party, or (b) pursuant to a further stipulation of all parties.

IT IS SO ORDERED.

Dated: __MAY 18__, 2010

Honorable Paul L. Abrams
United States Magistrate Judge

# EXHIBIT A
## CERTIFICATE REGARDING CONFIDENTIALITY

I hereby certify that I have received a copy of, and have carefully read, the Protective Order Pursuant to Stipulation Regarding Confidential Information (the "Order") in the case entitled *New Buffalo Corporation v. All-Power America, LLC, et al.*, United States District Court for the Central District of California Case No. CV10-00988-SVW (PLAx), and that I fully understand the terms of the Order. I understand and agree to be bound by the terms of the Order, and I agree to comply with its terms. Without limiting the generality of the foregoing, I agree: (1) not to copy information that has been given a CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY designation; (2) not to disclose that information (or any copies or extracts derived therefrom) to, or discuss that information with, any person or entity not authorized to receive it pursuant to the terms of the Order. I further agree to use any information that has been given a CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY designation solely for the purposes of the above-mentioned case and for no other purpose. I understand that my use or disclosure of any information that has been given a CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY designation in any manner contrary to the provisions of the Order may subject me to sanctions of the Court for contempt. I hereby submit myself to the jurisdiction of the District Court for the Central District of California, for the purposes of enforcing said Order.

Executed this _____ day of _____, 201_, at _____.

_____
Signature

Typed or Printed Name: _____

Affiliation: _____

Address: _____
_____